UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NEODRON LTD.,<br><br>                Plaintiff,<br><br>                v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC,<br><br>                Defendants. | Case No.    5:19-cv-5644<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT AGAINST LENOVO GROUP LTD.,
LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility LLC (collectively, "Defendants"):

**INTRODUCTION**

1.      This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 8,102,286 ("'286 Patent"); 8,451,237 ("'237 Patent"); 8,502,547 ("'547 Patent"); 8,946,574 ("'574 Patent"); 9,086,770 ("'770 Patent"); 10,088,960 ("'960 Patent"); and 7,821,502 ("'502 Patent") (collectively, the "Asserted Patents").

2.      Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets, and

1

notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3.     But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4.     Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5.     These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Defendants' accused

products.

## PARTIES

6.      Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Unit 4-5, Burton Hall Road, Sandyford, Dublin 18, D18a094. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7.      On information and belief, Defendant Lenovo Group Ltd. is organized under the laws of the People's Republic of China, with its principal place of business is at 6 Chuang ye Road, Haidian District, Beijing 100085, China.

8.      On information and belief, Defendant Lenovo (United States) Inc., a wholly-owned subsidiary of Lenovo Group Ltd., is a corporation organized under the laws of the State of Delaware, with principal place of business at 1009 Think Place, Building One, Morrisville, North Carolina 27560.

9.      On information and belief, Defendant Motorola Mobility LLC is a Delaware limited liability company with its principal office located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through

subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. At least Lenovo (United States) Inc. is registered to do business in California, and both Lenovo (United States) Inc. and Motorola Mobility LLC maintain offices and/or employ employees in this District at 3325 Scott Boulevard, Santa Clara, California 95054. Lenovo Group Ltd. is not a resident in the United States and may be sued in any judicial district. 28 U.S.C. §§ 1391(c)(3).

13.     On information and belief, Lenovo (United States) Inc. has a regular and established place of business in the District. For example, Lenovo (United States) Inc. operates offices at 3325 Scott Boulevard, Santa Clara, California 95054. Lenovo (United States) Inc. also advertises jobs, including engineering jobs, in this District on their website, as shown below.[1]

---

[1] https://lenovocareers.com/



14.     On information and belief, Motorola Mobility LLC has a regular and established

place of business in the District. For example, Motorola Mobility LLC maintains offices and/or

employs employees at 3325 Scott Boulevard, Santa Clara, California 95054. Motorola Mobility

LLC also advertises jobs, including engineering jobs, in this District, as shown below.[2]

---

[2] *See, e.g.*, https://lenovocareers.com/areas-mobile.html. Motorola Mobility LLC is a subsidiary
of Lenovo Group Ltd.



## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,102,286

15.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,102,286, entitled "Capacitive Keyboard with Non-Locking Reduced Keying Ambiguity." The '286 Patent was duly and legally issued by the United States Patent and Trademark Office on

January 24, 2012. A true and correct copy of the '286 Patent is attached as Exhibit 1.

17.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730 and Motorola Moto G6, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '286 Patent.

18.     Defendants also knowingly and intentionally induce infringement of claims 1-24 of the '286 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '286 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '286 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '286 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '286 Patent, thereby specifically intending for and inducing their customers to infringe the '286 Patent through the customers' normal and customary use of the Accused Products.

19.     The Accused Products satisfy all claim limitations of claims 1-24 of the '286 Patent. A claim chart comparing independent claim 1 of the '286 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 2.

20.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '286 Patent pursuant to 35 U.S.C. § 271.

21.     As a result of Defendants' infringement of the '286 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

22.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '286 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

<strong><u>COUNT II</u></strong>

<strong><u>INFRINGEMENT OF U.S. PATENT NO. 8,451,237</u></strong>

23.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,451,237, entitled "Sensitivity Control as a Function of Touch Shape." The '237 Patent was duly and legally issued by the United States Patent and Trademark Office on May 28, 2013. A true and correct copy of the '237 Patent is attached as Exhibit 3.

25.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Thinkpad X1 Yoga, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '237 Patent.

26.     Defendants also knowingly and intentionally induce infringement of claims 1-24 of the '237 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '237 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '237 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe

8

the '237 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '237 Patent, thereby specifically intending for and inducing their customers to infringe the '237 Patent through the customers' normal and customary use of the Accused Products.

27.     The Accused Products satisfy all claim limitations of claims 1-24 of the '237 Patent. A claim chart comparing independent claim 16 of the '237 Patent to a representative Accused Product, the Lenovo Thinkpad X1 Yoga, is attached as Exhibit 4.

28.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '237 Patent pursuant to 35 U.S.C. § 271.

29.     As a result of Defendants' infringement of the '237 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

30.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '237 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,502,547

31.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,502,547, entitled "Capacitive Sensor." The '547 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2013. A true and correct copy of the '547 Patent is attached as Exhibit 5.

33.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730 and Motorola Moto G6, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-17 of the '547 Patent.

34.     Defendants also knowingly and intentionally induce infringement of claims 1-17 of the '547 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '547 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '547 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '547 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '547 Patent, thereby specifically intending for and inducing their customers to infringe the '547 Patent through the customers' normal and customary use of the Accused Products.

35.     The Accused Products satisfy all claim limitations of claims 1-17 of the '547 Patent. A claim chart comparing independent claim 1 of the '547 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 6.

36.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '547

Patent pursuant to 35 U.S.C. § 271.

37.     As a result of Defendants' infringement of the '547 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

38.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '547 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,946,574

39.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,946,574, entitled "Two-Layer Sensor Stack." The '574 Patent was duly and legally issued by the United States Patent and Trademark Office on February 3, 2015. A true and correct copy of the '574 Patent is attached as Exhibit 7.

41.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Thinkpad X1 Yoga, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-15 of the '574 Patent.

42.     Defendants also knowingly and intentionally induce infringement of claims 1-15 of the '574 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '574 Patent and the infringing nature of the Accused

Products. Despite this knowledge of the '574 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '574 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '574 Patent, thereby specifically intending for and inducing their customers to infringe the '574 Patent through the customers' normal and customary use of the Accused Products.

43.     The Accused Products satisfy all claim limitations of claims 1-15 of the '574 Patent. A claim chart comparing independent claim 1 of the '574 Patent to a representative Accused Product, the Lenovo Thinkpad X1 Yoga, is attached as Exhibit 8.

44.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '574 Patent pursuant to 35 U.S.C. § 271.

45.     As a result of Defendants' infringement of the '574 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

46.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '574 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,086,770

47.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

48.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,086,770, entitled "Touch Sensor with High-Density Macro-Feature Design." The '770 Patent was duly and legally issued by the United States Patent and Trademark Office on July 21, 2015. A true and correct copy of the '770 Patent is attached as Exhibit 9.

49.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Thinkpad X1 Yoga, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-15 of the '770 Patent.

50.     Defendants also knowingly and intentionally induce infringement of claims 1-15 of the '770 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '770 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '770 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '770 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '770 Patent, thereby specifically intending for and inducing their customers to infringe the '770 Patent through the customers' normal and customary use of the Accused Products.

51.     The Accused Products satisfy all claim limitations of claims 1-15 of the '770 Patent.

A claim chart comparing independent claim 7 of the '770 Patent to a representative Accused Product, the Lenovo Thinkpad X1 Yoga, is attached as Exhibit 10.

52.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '770 Patent pursuant to 35 U.S.C. § 271.

53.     As a result of Defendants' infringement of the '770 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

54.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '770 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 10,088,960

55.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 10,088,960, entitled "Sensor Stack with Opposing Electrodes." The '960 Patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2018. A true and correct copy of the '960 Patent is attached as Exhibit 11.

57.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Thinkpad X1 Yoga, that directly

14

infringe, literally and/or under the doctrine of equivalents, claims 1-17 of the '960 Patent.

58.     Defendants also knowingly and intentionally induce infringement of claims 1-17 of the '960 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '960 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '960 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '960 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '960 Patent, thereby specifically intending for and inducing their customers to infringe the '960 Patent through the customers' normal and customary use of the Accused Products.

59.     The Accused Products satisfy all claim limitations of claims 1-17 of the '960 Patent. A claim chart comparing independent claim 1 of the '960 Patent to a representative Accused Product, the Lenovo Thinkpad X1 Yoga, is attached as Exhibit 12.

60.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '960 Patent pursuant to 35 U.S.C. § 271.

61.     As a result of Defendants' infringement of the '960 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

62.     Defendants' infringing activities have injured and will continue to injure Neodron,

unless and until this Court enters an injunction prohibiting further infringement of the '960 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VII

### INFRINGEMENT OF U.S. PATENT NO. 7,821,502

63.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

64.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 7,821,502, entitled "Two-Dimensional Position Sensor." The '502 Patent was duly and legally issued by the United States Patent and Trademark Office on October 26, 2010. A true and correct copy of the '502 Patent is attached as Exhibit 13.

65.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Tab 4 10, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '502 Patent.

66.     Defendants also knowingly and intentionally induce infringement of claims 1-24 of the '502 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '502 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '502 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their websites) to use the Accused Products in ways that directly infringe the '502 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '502 Patent, thereby specifically

intending for and inducing their customers to infringe the '502 Patent through the customers' normal and customary use of the Accused Products.

67.     The Accused Products satisfy all claim limitations of claims 1-24 of the '502 Patent. A claim chart comparing independent claim 1 of the '502 Patent to a representative Accused Product, the Lenovo Tab 4 10, is attached as Exhibit 14.

68.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '502 Patent pursuant to 35 U.S.C. § 271.

69.     As a result of Defendants' infringement of the '502 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

70.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '502 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a.     A judgment in favor of Neodron that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '286 Patent, the '237 Patent, the '547 Patent, the '574 Patent, the '770 Patent, the '960 Patent, and the '502 Patent;

b.     A permanent injunction prohibiting Defendants from further acts of infringement of the '286 Patent, the '237 Patent, the '547 Patent, the '574 Patent, the '770 Patent, the '960

Patent, and the '502 Patent;

c.       A judgment and order requiring Defendants to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '286 Patent, the '237 Patent, the '547 Patent, the '574 Patent, the '770 Patent, the '960 Patent, and the '502 Patent; and

d.       A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e.       A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Defendants; and

f.       Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 6, 2019                 Respectfully submitted,

                                          */s/ Reza Mirzaie*

                                          Reza Mirzaie (CA SBN 246953)
                                          Email: rmirzaie@raklaw.com
                                          Marc A. Fenster (CA SBN 181067)
                                          Email: mfenster@raklaw.com
                                          Brian D. Ledahl (CA SBN 186579)
                                          Email: bledahl@raklaw.com
                                          Paul A. Kroeger (CA SBN 229074)
                                          Email: pkroeger@raklaw

Philip X. Wang (CA SBN 262239)
pwang@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
Email: ahayden@raklaw.com
Shani Williams (SBN 274509)
Email: swilliams@raklaw.com
Kristopher R. Davis (IL SBN 6296190)
Email: kdavis@raklaw.com
Christian W. Conkle (CA SBN 306374)
Email: cconkle@raklaw.com
Kent N. Shum (CA SBN 259189)
Email: kshum@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Fax: (310) 826-6991

Matthew D. Aichele (VA SBN 77821)
Email: maichele@raklaw.com
**RUSS AUGUST & KABAT**
800 Maine Avenue, SW, Suite 200
Washington, DC 20024
Phone: (310) 826-7474
Fax: (310) 826-6991

*Attorneys for Plaintiff Neodron Ltd.*