UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEODRON, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP, LTD., et al.,<br><br>Defendants. | Case No. 19-cv-05644-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 26 |

Before the Court is a motion by defendants Lenovo (United States) Inc. ("Lenovo") and Motorola Mobility LLC ("Motorola") to stay pending conclusion of a concurrent ITC investigation. Dkt. No. 26 ("Motion to Stay"). Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and VACATES the January 10, 2020 hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

In this case, plaintiff Neodron, Ltd. ("Neodron") alleges defendants infringe seven patents: United States Patent Nos. 8,102,286; 8,451,237; 8,502,547; 8,946,574; 9,086,770; 10,088,960; and 7,821,502 (collectively, "the asserted patents"). Dkt. No. 1 ¶ 1 ("Complaint"). In concurrent proceedings before the International Trade Commission ("ITC"), Neodron asserts four patents, two of which relate to two of the asserted patents. Motion to Stay at 3-4; Dkt. No. 29 at 3 ("Opp'n"). All relate to touchscreen technology. Motion to Stay at 3.

In its complaint, Neodron identifies two allegedly infringing products: the Lenovo Yoga 730 and Motorola Moto G6. Complaint ¶¶ 17, 33. Neodron also identifies these same two products, and others, as alleging infringing the four patents in the ITC action. Motion to Stay at 5.

Because of the overlap of accused products and the relatedness of two of the asserted patents, defendants argue staying this case will promote judicial economy. Motion at 8-11. Defendants also assert that Neodron, a non-practicing entity, will not be prejudiced by a stay. *Id.* at 6-7. Defendants claim to face substantial hardship if a stay is not granted, primarily due to the expenses and potentially duplicative efforts involved in litigating two cases in two different forums in parallel. *Id.* at 7-8; Dkt. No. 34 at 10-11 ("Reply").

Neodron counters that, because no patents in this case overlap with patents asserted in the ITC action, a stay will not conserve judicial resources. Dkt. No. 29 at 5-8 ("Opp'n"). Moreover, Neodron argues any potential hardship facing defendants in conducting duplicative litigation efforts can be ameliorated by an agreement allowing the cross-use of discovery in the two matters. *Id.* at 7. Neodron notes that, in the ITC matter, (i) fact discovery ended, (ii) a claim construction order issued on November 25, 2019, (iii) an evidentiary hearing is set for March 23, 2020, (iv) the deadline for the Initial Determination is June 26, 2020, and (v) the target date for completion of the investigation is October 26, 2020. Opp'n at 3; *see also* Reply at Ex. B (ITC schedule). Neodron also argues that it will be unduly prejudiced, because a stay risks the loss of evidence and jeopardizes the availability of witnesses. Opp'n at 8-9. Defendants argue that the early timing of their stay request avoids prejudicing Neodron. Reply at 11-12.

## LEGAL STANDARD

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In evaluating the propriety of a stay, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55).

**DISCUSSION**

Considering the parties' arguments and the posture of this case, the Court finds a stay is not warranted at this juncture. The ITC investigation is nearly complete, with many issues already decided. Indeed, discovery in the ITC matter ended, and the parties' proposed schedule provides time after claim construction for additional discovery. As such, a stay will not greatly simplify the issues. Although defendants may face hardship in conducting duplicative discovery, a cross-use agreement could serve as a remedy.

The Court is not unsympathetic to defendants' desire to avoid litigating on multiple fronts simultaneously. As such, the Court ENTERS the parties' jointly proposed case schedule (Dkt. Nos. 31-1, 37) and encourages the parties to negotiate an agreement to share discovery across all cases.

**CONCLUSION**

Under these circumstances, the Court finds a stay will not promote judicial economy, and therefore DENIES defendants' motion for a stay.

**IT IS SO ORDERED**.

Dated: December 19, 2019

SUSAN ILLSTON
United States District Judge