1  Arpita Bhattacharyya (SBN: 316454)
    arpita.bhattacharyya@finnegan.com
2  **FINNEGAN, HENDERSON, FARABOW,**
    **GARRETT & DUNNER, LLP**
3  3300 Hillview Avenue
    Palo Alto, California 94304
4  Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666
5
   *additional attorneys listed in signature block*
6
7  *Attorneys for Defendants Lenovo (United States) Inc.*
    *and Motorola Mobility LLC*
8
9
10              **UNITED STATES DISTRICT COURT**
11             **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**
12
13
14  NEODRON LTD.,                          CASE NO. 3:19-cv-05644-SI

15                  Plaintiff,             **DEFENDANTS' MOTION TO STRIKE**
                                           **SECOND SUPPLEMENTAL**
16           v.                            **DECLARATION OF RICHARD FLASCK**
                                           **AND PORTIONS OF NEODRON'S**
17  LENOVO GROUP LTD., LENOVO              **RESPONSIVE CLAIM CONSTRUCTION**
    (UNITED STATES) INC., AND              **BRIEF**
18  MOTOROLA MOBILITY LLC.,
                                           Date: July 24, 2020
19                  Defendants.            Time: 10:00 AM
                                           Location: Courtroom 1, 17th Floor
20                                         Judge: Hon. Susan Illston

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION..........................................................................................................1

STATEMENT OF RELIEF .................................................................................................1

MEMORANDUM AND POINTS OF AUTHORITIES ......................................................2

I.     INTRODUCTION .......................................................................................................2

II.    RELEVANT FACTUAL BACKGROUND...................................................................2

III.   LEGAL STANDARD...................................................................................................4

IV.   ARGUMENT ...............................................................................................................5

      A.    Neodron's Second Supplemental Flasck Declaration is Untimely and Improper............................................................................................................5

      B.    The Untimely and Improper Disclosure of the Second Supplemental Flasck Declaration was Neither Justified Nor Harmless, and Should be Stricken............7

      C.    CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)..................................................................4

*Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*,
    377 F. Supp. 3d 990, 1005 (N.D. Cal. 2019) ............................................7

*Friskit, Inc. v. RealNetworks, Inc.*,
    No. C 03-5085 FMS, 2005 WL 6249309 (N.D. Cal. Mar. 22, 2005)........6, 10

*GoPro, Inc. v. C&A Marketing, Inc.*,
    No. 16-cv-03590-JST, 2017 WL 2335377 (N.D. Cal. May 30, 2017) ....................5, 7, 9

*Integrated Circuit Sys. v. Realtek Semiconductor Co.*,
    308 F. Supp. 2d 1106 (N.D. Cal. 2004) .....................................................4

*Ipsilium LLC v. Cisco Systems, Inc.*,
    No.17-cv-07179-HSG, 2019 WL 1644399 (N.D. Cal. Apr. 16, 2019) .........4, 7

*Jarritos, Inc. v. Reyes*,
    345 Fed.Appx. 215 (9th Cir. 2009) ............................................................5

*Largan Precision Co., Ltd. v. Fujifilm Corp.*,
    No. 10-cv-01318-SBA, 2012 WL 4097719 (N.D. Cal. Sept. 17, 2012)........6, 7

*Tristrata, Inc. v. Microsoft Corp.*,
    No. 11-CV-03797-JST, 2013 WL 12172909 (N.D. Cal. May 13, 2013) ..............passim

*Wong v. Regents of Univ. of California*,
    410 F.3d 1052 (9th Cir. 2005) ...................................................................5

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ................................................................4, 5

**Rules**

Fed. R. Civ. P 16(f) ..........................................................................................4

Fed. R. Civ. P 37(c)(1) .....................................................................................4

Fed. R. Civ. P. 37(b)(2) ...................................................................................4

Fed. R. Civ. P. 37(c)(1) ...................................................................................5

1   <center>**NOTICE OF MOTION**</center>

2   TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

3   PLEASE TAKE NOTICE THAT on July 24, at 10:00 a.m., by telephonic conference, or

4   soon thereafter as the matter may be heard before the Honorable Susan Illston, Defendants Lenovo

5   (United States) Inc. and Motorola Mobility LLC will and hereby does move to strike the Second

6   Supplemental Declaration of Richard A. Flasck ("Second Supplemental Flasck Declaration") in

7   Support of Plaintiff Neodron Ltd.'s Responsive Claim Construction Brief (Dkt. 77-2) and portions of

8   Plaintiff Neodron Ltd.'s Responsive Claim Construction Brief (Dkts. 76 and 78) that rely on it

9   because Neodron failed to produce the Second Supplemental Flasck Declaration in accordance to the

10  requirements of Patent L.R. 4-3 and the Court's scheduling order (Dkt. 37) as modified by the Court

11  (Dkt. 65). Defendants submit that the Second Supplemental Flasck Declaration is untimely,

12  improper, and highly prejudicial to Defendants, and should be stricken or excluded because

13  Neodron's failure is neither substantially justified nor harmless.

14  This motion is based upon this Notice of Motion, the Statement of Relief, the accompanying

15  Memorandum of Points and Authorities, the Declaration of Cecilia Sanabria and the exhibit attached

16  thereto, the [Proposed] Order filed concurrently herewith, all other papers, the pleadings in this

17  action, evidence and argument that the parties may present before or at the hearing on this matter,

18  and any other matters of which this Court may take judicial notice.

19  <center>**STATEMENT OF RELIEF**</center>

20  Defendants respectfully request that the Court strike the Second Supplemental Declaration of

21  Richard A. Flasck in Support of Plaintiff Neodron Ltd.'s Responsive Claim Construction Brief (Dkt.

22  77-2) and portions of Plaintiff Neodron Ltd.'s Responsive Claim Construction Brief (Dkts. 76 and

23  78) identified in the table below that rely on it, because, to Defendants' prejudice, Neodron failed to

24  timely produce the Second Supplemental Flasck Declaration.

25

26

27

28

| Portions of Neodron's Responsive Claim Construction Briefs that Should Be Stricken | |
|---|---|
| **Page:Row** | **Cited Paras. of 2nd Supp. Flasck Decl.** |
| 13:11-12 | ¶ 23 |

<center>1</center>

| 13:24-14:5 | ¶¶ 15-23 |
|------------|----------|
| 15:22-27   | ¶¶ 8-13  |
| 16:6-9     | ¶ 9      |

## MEMORANDUM AND POINTS OF AUTHORITIES

## I.   INTRODUCTION

Defendants move to strike Neodron's second supplemental expert declaration on claim construction and portions of Neodron's responsive claim construction brief that rely on that declaration because it is untimely and highly prejudicial. Without justification and to Defendants' prejudice, Neodron's improper declaration seeks to provide new expert opinions on claim construction two months after the deadline it stipulated to under the Court's schedule and Pat. L.R., one month after the close of claim construction discovery, and on the very last day to file briefs on claim construction. At no point did Neodron notify Defendants of its intent to submit the declaration at issue, nor did it seek leave of court to do so. Instead, Neodron unilaterally served it with its responsive claim construction brief, mere weeks before the Markman hearing, foreclosing Defendants' ability to respond, in any way, to the new opinions Neodron seeks to present. There is no justification for the harm caused by this late disclosure. Neodron's disregard for the rules and the Court's schedule to Defendants' prejudice should not be rewarded. The declaration and briefing that relies thereon should be excluded.

## II.   RELEVANT FACTUAL BACKGROUND

The parties stipulated and the Court ordered that the Pat. L.R. 4-3(e) deadline to exchange opinions of expert witnesses related to claim construction be set to April 17, 2020. Dkts. 64 and 65. On that day, both sides exchanged their respective expert declarations on claim construction. Neodron served a Declaration of Richard A. Flasck in Support of Plaintiff Neodron Ltd.'s Opening Claim Construction Briefs ("Initial Flasck Decl.") addressing the '502, '574, '960, and '770 patents, which it subsequently filed as an exhibit to its opening claim construction brief (Dkt. 74-1).

*See* Ex. 1 (4/17/2020 Initial Flasck Decl. and service email from Jon Ma). Defendants served their expert declaration as well. Ex. 2 (4/17/2020 Silzars Decl. and service email from Bradley Moore).[1]

About one month *__later__* and *__after__* the close of claim construction discovery (Dkt. 37), Neodron served on May 15, 2020, a first Supplemental Declaration of Richard A. Flasck ("First Supplemental Flasck Declaration") regarding claim construction providing opinions on the '502, '574, and '960 patents. Ex. 3 (5/15/2020 First Supp. Flasck Decl. and service email from Mireya Ballesteros). That declaration did not address the '770 patent. Defendants notified Neodron of their objection to the First Supplemental Flasck Declaration since it was served well after the Patent L.R. 4-3 deadline for exchanging expert opinions, after the filing of the JCCPS, and after the close of claim construction discovery. When the parties filed their respective opening briefs on claim construction on May 22, 2020, however, Neodron only relied on the Initial Flasck Declaration it served on April 17, 2020. Dkts. 73 and 74-1. Thus, Defendants did not raise with the Court the issue of Neodron's untimely and improper First Supplemental Flasck Declaration.

Neodron, however, doubled down and ignored the rules again. On June 5, 2020, nearly two months *__after__* the deadline to exchange expert opinions on claim construction and the filing of the JCCPS, a month *__after__* the close of claim construction discovery, and on the very last day of permitted claim construction briefing, Neodron produced an additional 9 pages of expert opinion in yet another supplemental declaration from Mr. Flasck ("Second Supplemental Flasck Declaration"). The Second Supplemental Flasck Declaration addresses *__only__* the '770 patent. *Id.* Neodron's responsive claim construction brief (Dkts. 76 and 78) now relies on the First Supplemental Flasck Declaration (Dkt. 77-1) and the Second Supplemental Flasck Declaration. Dkt. 77-2.

Defendants will refrain from taking the Court's time and resources as to the First Supplemental Flasck Declaration. Instead, Defendants' motion to strike is focused on the Second

---

[1] On April 24, in accordance with Pat. L.R. 4-3, the parties submitted a Joint Claim Construction and Prehearing Statement ("JCCPS") identifying the intrinsic and extrinsic evidence, including expert opinions, that each party may rely on for purposes of claim construction. Dkts. 71, 71-1. Neodron's identification of evidence identified the "Declaration of Richard A. Flasck in Support of Plaintiff Neodron Ltd.'s Opening Claim Construction Briefs." Dkt. 71-1. Neodron's Pat. L.R. 4-3 disclosure did not identify any additional declarations from Mr. Flasck it intended to rely on for purposes of claim construction. *See id.*

1    Supplemental Flasck Declaration addressing the disputed '770 patent term and the portions of

2    Neodron's responsive claim construction brief that rely on that declaration.

3            Neodron was well aware of the parties' dispute on the single term at issue in the '770 patent

4    since April 7, 2020, when the parties first exchanged proposed constructions for disputed terms.

5    Ex. 4 at Exhibit A, p. 14. Since the beginning, Defendants have contended this term is indefinite, and

6    Neodron has disagreed. The dispute has not changed. In fact, Neodron addressed the '770 patent in

7    the Initial Flasck Declaration served on April 17. Dkt. 74-1 (Flasck Decl.) at 42-44. Neodron also

8    addressed the indefiniteness challenge in its opening claim construction brief filed about one month

9    later on May 22. Neodron then waited until the last round of claim construction briefs to serve its

10   Second Supplemental Flasck Declaration, providing ***9 more pages*** of opinions and analysis that seek

11   to address the very same term. Dkt. 77-2 (Second Supp. Flasck Decl.). Neodron did not provide

12   notice to Defendants that it would submit the Second Supplemental Flasck Declaration, nor did it

13   seek leave of this Court to file it.

14   **III.   LEGAL STANDARD**

15           Courts may enforce the Patent Local Rules under Federal Rule of Civil Procedure 16(f) or

16   37(b)(2). *See 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir.

17   2006) (citing *Integrated Circuit Sys. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107

18   (N.D. Cal. 2004)). "Patent Local Rule 4-3 plainly requires the disclosure of expert testimony 'on

19   which [the party] intends to rely *either* to support its proposed construction *or to oppose any other*

20   *party's proposed construction*.'" *Ipsilium LLC v. Cisco Systems, Inc.*, No.17-cv-07179-HSG, 2019

21   WL 1644399, at *3 (N.D. Cal. Apr. 16, 2019) (quoting Patent L.R. 4-3(b)) (emphasis in original

22   added by the court).

23           Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or

24   identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

25   witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

26   justified or is harmless." This rule "gives teeth" to Rule 26's disclosure requirement that parties

27   disclose expert reports "at the times and in the sequence that the court orders." *Yeti by Molly Ltd. v.*

28   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Tristrata, Inc. v. Microsoft*

*Corp.*, No. 11-CV-03797-JST, 2013 WL 12172909, at *2 (N.D. Cal. May 13, 2013). It is a "self-executing, automatic sanction to provide a strong inducement for disclosure of material that must be disclosed pursuant to Rule 26." *Tristrata*, 2013 WL 12172909, at *2 (internal quotation marks omitted). "Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate even when a litigant's entire cause of action or defense will be precluded." *Id*. (internal quotation marks omitted). Such sanctions are inappropriate only where the failure was "substantially justified" or "is harmless." Fed. R. Civ. P. 37(c)(1); *Jarritos, Inc. v. Reyes*, 345 Fed.Appx. 215, 217 (9th Cir. 2009) (affirming exclusion of late-filed expert reports); *Yeti*, 259 F.3d at 1106 (same, where offering party argued late filing was due to mistaken belief); *Tristrata*, 2013 WL 12172909, at *2-3. The burden of showing substantial justification and harmlessness falls on the non-moving party. *Tristrata*, 2013 WL 12172909, at *3. "Disruption to the schedule of the court and other parties . . . is not harmless." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005); *accord Tristrata*, 2013 WL 12172909, at *2.

## IV.  ARGUMENT

### A.  Neodron's Second Supplemental Flasck Declaration is Untimely and Improper

There can be no dispute that Neodron failed to comply with the requirements of the Patent Local Rules, their application in this district, and the Court's schedule in this case when submitting its Second Supplemental Flasck Declaration on claim construction. Patent Local Rule 4-3 requires that parties identify any witnesses they intend to rely on for purposes of claim construction and provide a summary of their testimony including, "for any expert, each opinion to be offered related to claim construction." Pat. L.R. 4-3. It is well settled that Patent Local Rule 4-3 requires the filing of an expert report no later than the parties' JCCPS. *See Tristrata*, 2013 WL 12172909, at *2-3 (motion to strike late-filed expert report for failing to comply with P.L.R. 4-3(e) was granted because Pat. L.R. 4-3(b) requires production of expert reports with JCCPS); *see also GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2335377, at *3 (N.D. Cal. May 30, 2017) ("Local Rule 4-3(b) <u>does</u> require the filing of any expert report simultaneously with the JCCPS.") (emphasis in original); *id*. at *2 n.2 ("[T]he same disclosure requirement [of Pat. L.R. 4-3(e)] arguably applies equally to both expert declarations and live expert testimony." (citing *Friskit, Inc. v. RealNetworks*,

1   *Inc.*, No. C 03-5085 FMS, 2005 WL 6249309, at *1 (N.D. Cal. Mar. 22, 2005) ("Whether the expert

2   testifies in court or by declaration, the result is the same: the sworn testimony of an expert is part of

3   the claim construction record. Thus, the 4-3(d) [equivalent to today's 4-3(e) ] requirements apply to

4   any sworn testimony offered as substantive evidence.")).

5          The court's decision in *Tristrata* is instructive. In that case, the parties exchanged expert

6   declarations at the time of the JCCPS, but the plaintiff produced a second expert declaration with its

7   opening claim construction brief that was "substantially longer and more detailed than the first."

8   *Tristrata*, 2013 WL 12172909, at *1. The defendants moved to strike the late-produced declaration,

9   and the plaintiff opposed on the basis that there was "a good faith dispute over the meaning of Patent

10  Local Rule 4-3" and whether the rules permitted declarations to be produced for the first time with

11  claim construction briefs. *Id*. at *2. The court readily rejected the plaintiff's interpretation of the

12  rules as "incorrect," stating that "Local Rule 4-3(b) <u>does</u> require the filing of any expert report

13  simultaneously with the JCCPS," and "[t]he only credible explanation for the filing of the Second

14  Bernstein Declaration, therefore, is that Plaintiff decided it wanted unilaterally to improve the

15  evidence it put before the Court during claim construction." *Id*. (emphasis in original). The court

16  found that "[the plaintiff's] conduct was not substantially justified, because it knowingly violated a

17  local rule" and that "[the plaintiff's delay in filing the Second Bernstein Declaration was not

18  'harmless'" because it "came after the close of claim construction discovery," and "disruption to the

19  schedule of the court and other parties . . . is not harmless." *Id*. at *3. The court noted that "[o]ne

20  court has used the term 'inherent prejudice' to describe a similarly late disclosure." *Id*. (citing

21  *Largan Precision Co., Ltd. v. Fujifilm Corp.*, No. 10-cv-01318-SBA, 2012 WL 4097719, at *4 (N.D.

22  Cal. Sept. 17, 2012)).

23         This case is similar. Here, the parties jointly stipulated and Court ordered expert reports or

24  declarations on claim construction to be served earlier than the filing of the JCCPS, on April 17,

25  2020. Dkts. 63 and 65. Neodron was well aware of that deadline and complied with it when serving

26  the Initial Flasck Declaration on April 17, 2020, addressing the '502, '574, '960, and '770 patents.

27  Ex 1 (4/17/2020 Flasck Decl. and service email from Jon Ma). Indeed, the Initial Flasck Declaration

28  cited in the JCCPS and relied on by Neodron in its opening claim construction brief addressed the

1   sole disputed '770 patent claim term and Defendants' indefiniteness challenge. Nothing in the

2   Court's schedule permitted Neodron to serve and rely on any additional expert declaration served

3   after the April 17, 2020 deadline. Even if Neodron somehow believed the Patent Local Rules

4   permitted additional expert disclosure with the filing of the JCCPS, Neodron ignored that date too.

5       Rather than follow the rules, Neodron waited nearly two months to unilaterally produce the

6   Second Supplemental Flasck Declaration on the '770 patent that included a substantially longer

7   analysis of the disputed '770 patent term in an attempt to expand the evidence Neodron intended to

8   present before the Court during claim construction. Dkts. 76 and 77-2. Neodron did so without

9   providing notice to Defendants or seeking leave of this Court. Such delay is untimely under the

10  Court-ordered deadline and the Patent Local Rules, which apply to opinions in support of opening

11  and responsive briefs. *Ipsilium*, 2019 WL 1644399, at *3 ("Patent Local Rule 4-3 plainly requires

12  the disclosure of expert testimony 'on which [the party] intends to rely *either* to support its proposed

13  construction *or to oppose any other party's proposed construction*.'") (quoting Patent L.R. 4-3(b))

14  (emphasis in original added by the court).

15      Because Neodron disregarded the Patent Local Rules and this Court's deadlines for

16  complying with those requirements, Defendants request that the Court strike the Second

17  Supplemental Flasck Declaration and the portions of Neodron's responsive claim construction brief

18  that rely on that declaration.

19          **B.      The Untimely and Improper Disclosure of the Second Supplemental Flasck
                      Declaration was Neither Justified Nor Harmless, and Should be Stricken**
20

21      Courts have found the late disclosure of expert opinions carries "inherent prejudice."

22  *Tristrata*, 2013 WL 12172909, at *3 (finding late submission of expert declaration to be prejudicial,

23  citing *Largan*, 2012 WL 4097719 at *4). New expert opinions served after opportunities to develop

24  an evidentiary record have passed are prejudicial. *See Asia Vital Components Co., Ltd. v. Asetek

25  Danmark A/S*, 377 F. Supp. 3d 990, 1005 (N.D. Cal. 2019). Disclosing expert opinions "after the

26  exchange of preliminary claim constructions and extrinsic evidence, and well after the close of claim

27  construction discovery," as is the case here, is not justified under the Court's well-settled

28  interpretation of Pat. L.R. 4-3. *GoPro*, 2017 WL 2335377, at *3. And as this court has recognized,

"[d]isruption to the schedule of the court and other parties is not harmless." *Tristrata*, 2013 WL 12172909, at *2 (internal quotation marks omitted). Neodron cannot overcome its burden to show its failure to adequately and timely disclose the Second Supplemental Flasck Declaration is harmless and justified.

As an initial matter, Neodron has no justification for serving the Second Supplemental Flasck Declaration with 9 additional pages of opinions and analysis nearly two months after the deadline to exchange expert claim construction declarations. Unsurprisingly, Neodron has offered no reason for its late disclosure. At most, Mr. Flasck purports to justify the lateness of his second supplemental declaration by claiming he is responding to Defendants' expert declaration of April 17, and that this declaration "introduced several new arguments and positions that I had not been able to evaluate when I prepared my April 17 declaration." Dkt. 77-2, ¶¶ 1, 4. Mr. Flasck's explanation is nothing more than an improper attempt to shift blame, which is belied by his and Neodron's actions. And it does not excuse Neodron's failure to comply with the Court's scheduling order and Patent Local Rules, nor does it address the prejudice to Defendants' resulting from the late Second Supplemental Flasck Declaration.

First, there is no genuine dispute over when the parties' expert declarations on claim construction were due. Second, had Neodron wished to challenge the opinions of Defendants' expert, Neodron could have deposed Defendants' expert and questioned him on his opinions during the claim construction discovery period. It did not. Neodron also could have challenged the Defendants' expert's opinions in Neodron's opening claim construction brief. It did not. Neodron could have also moved the Court to seek leave to file a supplemental declaration on claim construction. It did not. Instead, Neodron ignored every avenue available to it in favor of sandbagging Defendants with a two-month late declaration to which Defendants had no opportunity to respond. Third, the idea that Neodron and Mr. Flasck did not have the opportunity to present these arguments before June 5 is belied by the record. The Second Supplemental Flasck Declaration purports to offer new opinions about the indefiniteness of the '770 patent based on, for example, the patent's specification and figures, Mr. Flasck's knowledge of "real-world devices," and "typical fabrication processes." All of this was at Neodron's and Mr. Flasck's disposal ***before*** serving the

Initial Flasck declaration. It could have presented these arguments then, but instead chose to wait and ambush Defendants to gain an unfair advantage. Even assuming some of Mr. Flasck's opinions were rebuttal in nature, there is no justification for waiting until service of the last claim construction brief, mere weeks before the Markman hearing, to disclose them. Although improper and untimely, Mr. Flasck prepared and Neodron served a first supplemental declaration on May 15, a month after the parties exchanged declarations as required under the Court's schedule. Mr. Flasck offers no justification for not addressing the '770 patent then, instead of waiting nearly one more month to surprise Defendants with new opinions and analysis.

The only credible explanation is that "[Neodron] decided it wanted to unilaterally improve the evidence it put before the Court during claim construction." *Tristrata*, 2013 WL 12172909, at *2. Since none of Mr. Flasck's supplemental or responsive opinions were adequately or timely disclosed under the Patent Local Rules, as discussed above, Neodron cannot justify the untimely disclosure of and reliance on the Second Supplemental Flasck Declaration.

Moreover, Neodron's failure to comply with the rules is not harmless, and its Second Supplemental Flasck Declaration and reliance on that declaration in its responsive claim construction brief is highly prejudicial to Defendants. The Second Supplemental Flasck Declaration provides numerous ***new*** opinions on the '770 patent that were not provided in the Initial Flasck Declaration. A mere comparison of these two declarations highlights as much. Whereas the Initial Flasck Declaration used three pages to address the '770 patent term in dispute, the untimely Second Supplemental Flasck Declaration spans 9 pages to address the very same term. Having served the second supplemental declaration a month ***after*** the close of claim construction discovery, Neodron foreclosed any possibility of Defendants to depose and question Mr. Flasck on these new opinions to Defendants' prejudice. And as courts in this district have found, even an opportunity to depose Mr. Flasck or to submit arguments in reply would not undue the prejudice because Defendants had no opportunity to address Mr. Flasck's new opinions in their opening brief. *See GoPro*, 2017 WL 2335377, at *4. Moreover, Neodron's production of the Second Supplemental Flasck Declaration on June 5 —the very last day of briefing—exacerbated the harm by precluding Defendants from

addressing the opinions in either their opening or responsive claim construction briefs. *See id.* at *2-4; *see also Friskit*, 2005 WL 6249309, at *1.

Neodron's Second Supplemental Flasck Declaration is the classical example of sandbagging and should not be rewarded. Therefore, Defendants request that the Court strike Second Supplemental Flasck Declaration and the portions of Neodron's responsive claim construction brief that rely on that declaration. Absent such striking, the prejudice to Defendants will not be undone. Any argument from Neodron that such a sanction is draconian is wrong. This is not a case where the exclusion of evidence will eliminate a claim or end the case. Indeed, Neodron's timely served Initial Flasck Declaration addresses the '770 patent and will stand, as will its opening brief and the remainder of its responsive brief. Neodron will only suffer the loss of a supplemental declaration that it was not permitted to file, bringing the parties back to parity.

## C.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the court strike the Second Supplemental Declaration of Richard A. Flasck in Support of Plaintiff Neodron Ltd.'s Supplemental Claim Construction Brief (Dkt. 77-2) and Neodron's reliance on the same in its Responsive Claim Construction Brief (Dkts. 76 and 78) as set forth in the below table.

| Portions of Neodron's Responsive Claim Construction Briefs that Should Be Stricken | |
| --- | --- |
| **Page:Row** | **Cited Paras. of 2nd Supp. Flasck Decl.** |
| 13:11-12 | ¶ 23 |
| 13:24-14:5 | ¶¶ 15-23 |
| 15:22-27 | ¶¶ 8-13 |
| 16:6-9 | ¶ 9 |

Dated: June 16, 2020                         By: /s/ *Cecilia Sanabria*

Arpita Bhattacharyya (SBN: 316454)
arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile:  (650) 849-6666

DEFENDANTS' MOT. TO STRIKE 2ND SUPP. DECL. OF MR. FLASCK AND
PORTIONS OF NEODRON'S RESPONSIVE CLAIM CONSTRUCTION BRIEF
CASE NO. 3:19-CV-05644-SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cecilia Sanabria (*pro hac vice*)
 cecilia.sanabria@finnegan.com
Christopher T. Blackford (*pro hac vice*)
 christopher.blackford@finnegan.com
Elizabeth A. Niemeyer (*pro hac vice* to be filed)
 elizabeth.niemeyer@finnegan.com
Aliza George Carrano (*pro hac vice*)
 aliza.carrano@finnegan.com
Kelly C. Lu (SBN 303097)
 kelly.lu@finnegan.com
Smith R. Brittingham (*pro hac vice* to be filed)
 smith.brittingham@finnegan.com
Philip J. Eklem (*pro hac vice*)
 philip.eklem@finnegan.com
Amanda E. Stephenson (*pro hac vice*)
 amanda.stephenson@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400

Lionel M. Lavenue (*pro hac vice*)
 lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Telephone: (571) 203-2700
Facsimile:  (571) 203-2777

Robert High (*pro hac vice* to be filed)
 robert.high@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
 Facsimile: (404) 653-6444

*Attorneys for Defendants Lenovo (United States) Inc.*
*and Motorola Mobility LLC*

Defendants' Mot. To Strike 2ND Supp. Decl. of Mr. Flasck and
Portions of Neodron's Responsive Claim Construction Brief
Case No. 3:19-cv-05644-SI