UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEODRON, LTD.,<br><br>   Plaintiff,<br><br>  v.<br><br>LENOVO GROUP, LTD., et al.,<br><br>   Defendants. | Case No. 19-cv-05644-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 92 & 104 |

  Before the Court is a motion to stay this action pending *inter partes* review brought by defendants Lenovo Group, Ltd., Lenovo, Inc., and Motorola Mobility, LLC, (collectively "defendants"). Dkt. No. 92 (Mot. to Stay). Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is appropriate for resolution without oral argument and VACATES the September 4, 2020, hearing. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

  Plaintiff Neodron, Ltd., ("Neodron") alleges defendants infringe seven patents: United States Patent Nos. 8,102,286 ("the '286 patent"); 8,451,237 ("the '237 patent"); 8,502,547 ("the '547 patent"); 8,946,574 ("the '574 patent"); 9,086,770 ("the '770 patent"); 10,088,960 ("the '960 patent"); and 7,821,502 ("the '502 patent) (collectively, "the asserted patents"). Dkt. No. 1 ¶ 1 (Complaint). Of these seven asserted patents, four patents are currently pending *inter partes* review at various stages of proceedings. The '547 and '960 patents have already been granted *inter partes*

review, while the defendants' petition for the '574 patent is still pending. Dkt. No. 92 at 8[1] (Mot. to Stay); Dkt. No. 105 at 2 (Lenovo's Notice Regarding Status of IPR Petitions). The petition for the '502 patent, though already denied by the PTO, is also pending decision through a request for rehearing. Dkt. No. 100 at 8 (Reply). The remaining three patents have either been denied *inter partes* review (the '286 patent) or have not as of yet been petitioned by defendants (the '237 and '770 patents).[2] Dkt. No. 99 at 6-7 (Opp'n). Neodron asserts only the '547 patent against Motorola Mobility, LLC, and all seven asserted patents against Lenovo, Inc. Dkt. No. 92 at 7 (Mot. to Stay).

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In determining whether to grant a stay pending *inter partes* review, courts consider: (1) the stage of litigation, i.e., whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, 2013 U.S. Dist. LEXIS 118723, at *11 (N.D. Cal. Aug. 16, 2013).

---

[1] For ease of reference, citations to page numbers refer to the ECF branded number in the upper right corner of the page.

[2] Lenovo, Inc., can file a petition for the '770 patent until the end of August 2020 (Dkt. No. 92 at 13 n.7 (Mot. to Stay)), but the Court has not been made aware of such a filing as of the date of this Order. The Court trusts Lenovo would have communicated its intent to file the petition by now and that Lenovo will be more forthcoming with the Court going forward. Lenovo failed to mention its intent to bring the instant motion, despite filing it minutes after the conclusion of the July 1, 2020, *Markman* hearing.

**DISCUSSION**

**I.      Stage of the Litigation**

When determining whether to grant a stay pending *inter partes* review, Courts first consider whether discovery is complete and a trial date has been set. Neodron argues the litigation is well underway while defendants argue that, despite the *Markman* order, the matter is in its infancy. Dkt. No. 99 at 13 (Opp'n); Dkt. No. 92 (Mot. to Stay). The *Markman* order was issued this past July 2020, and no deadlines for discovery and trial have been set. Dkt. No. 97 (*Markman* Order); Dkt. No. 92 at 10 (Mot. to Stay). The case therefore is in neither as early nor as late a stage as either party contends. Accordingly, this factor weighs neither for nor against a stay. *Compare PersonalWeb Tech., LLC v. Apple Inc*., 69 F. Supp. 3d 1022, 1026-27 (N.D. Cal. 2014) (granting stay despite completion of a *Markman* hearing and issuance of a claim construction order in part because the court had not set a trial date and significant, costly discovery remained, causing the first factor to "slightly weigh[] in favor of a stay") *with Inverwoven, Inc. v. Vertical Computer Sys.*, 2012 U.S. Dist. LEXIS 30946, at *4 (N.D. Cal. Mar. 8, 2012) (denying stay and noting that discovery was well underway and, "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order.") and *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013) (denying stay and noting that although little discovery had occurred, a trial date had been set and "the Court spent substantial effort construing the claims").

**II.     Simplification of the Case**

The second factor considers whether a stay simplifies matters for the Court. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the [claims'] scope..." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 U.S. Dist. LEXIS 22517, at *4-5 (N.D. Cal. Jan. 13, 1995); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation [asserting the claim] becomes moot.").

Defendants argue that a stay will likely simplify the case because up to twenty-eight of the seventy-five asserted claims could be eliminated if the petitions for *inter partes* review are granted. Dkt. No. 92 at 12 (Mot. to Stay). Neodron counters, arguing a stay will not actually simplify the case because only one[3] of the seven asserted patents, the '547 patent, has been granted *inter partes* review. Dkt. No. 99 at 6 (Opp'n).

The Court agrees with defendants. Even if all the asserted claims survive *inter partes* review, the case could still be simplified because defendants would be bound by the estoppel provisions for *inter partes* review and thus could not raise before this Court any arguments it raised, or reasonably could have raised, at the PTO in its petitions. *See* 35 U.S.C. § 315(e)(2); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 133707, at *15 (N.D. Cal. Sept. 17, 2013). There are four patents pending *inter partes* review at varying stages of proceedings. Dkt. No. 92 at 8 (Mot. to Stay); Dkt. No. 100 at 8 (Reply); Dkt. No. 105 at 2 (Lenovo's Notice Regarding Status of IPR Petitions). Because the four patents pending *inter partes* review make up a majority of the asserted patents, this factor weighs in favor of granting a stay.

### III.   Undue Prejudice

The third factor considers whether a stay unduly prejudices the non-movant. "Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, 2011 U.S. Dist. LEXIS 82665, at *16 (N.D. Cal. Jul. 28, 2011). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb*, 69 F. Supp. 3d at 1029; *see also Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *3 (N.D. Cal. Sept. 28, 2009) ("delay inherent in the reexamination process does not constitute, by itself, undue prejudice") (citations omitted).

---

[3] The PTO has now granted two petitions for *inter partes* review (Dkt. No. 105 at 2 (Lenovo's Notice Regarding Status of IPR Petitions)), but only one petition had been granted at the time of the filing of Neodron's Opposition brief.

Here, Neodron concedes that it is a non-practicing entity. Dkt. No. 99 at 16 (Opp'n). As such, Neodron would not experience irreparable harm and therefore would not be unduly prejudiced by a stay. *See Chrimar Sys. v. Ruckus Wireless, Inc.*, 2016 U.S. Dist. LEXIS 131681, at *16-17 (N.D. Cal. Sept. 26, 2016) ("Staying the case in the interest of conserving resources and streamlining litigation would not irreparably harm [the non-practicing entity], as damages can adequately compensate it later on."). Therefore, this third factor also weighs in favor of grating a stay.

**CONCLUSION**

On balance, the factors favor staying the actions pending *inter partes* review of the asserted patents. Accordingly, for the foregoing reasons and for good cause shown, the Court GRANTS the motion to stay pending *inter partes* review. Neodron is free to bring a motion to lift the stay based on subsequent developments in the relevant *inter partes* review proceedings.

In light of the Court's instant order, the defendants' motion to amend its invalidity contentions (Dkt. No. 104) is DENIED as moot without prejudice to being refiled if and when the stay is lifted.

**The parties shall file a quarterly joint status report updating the Court on the inter partes review proceedings as well as relevant litigation taking place in other jurisdictions. The first such report shall be filed no later than October 1, 2020.**

In light of the stay, the case management conference scheduled for September 4, 2020, is vacated.

**IT IS SO ORDERED**.

Dated: August 27, 2020

SUSAN ILLSTON
United States District Judge

5