UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEODRON, LTD., <br><br>        Plaintiff, <br><br>    v. <br><br>LENOVO GROUP, LTD., et al., <br><br>        Defendants. | Case No. 19-cv-05644-SI <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY** <br><br>Re: Dkt. No. 109 |

Plaintiff's motion to lift the stay in this action is scheduled for a hearing on November 13, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons foregoing reasons, the Court DENIES Plaintiff's motion to lift stay.

**BACKGROUND**

Neodron LTD ("Neodron") filed this lawsuit on September 6, 2019, accusing Lenovo Group LTD. ("Lenovo") and Motorola Mobility LLC ("Motorola") of infringing U.S. Patent Nos. 8,102,286 ("'286 patent"), 8,451,237 ("'237 patent"), 8,502,547 ("'547 patent"), 8,946,574 ('574 patent"), 9,086,770 ("'770 patent"), 10,088,960 ("'960 patent"), and 7,821,502 ("'502 patent"). On October 10, 2019, Lenovo and Motorola answered the complaint and asserted counterclaims for declaratory judgement and invalidity of all the asserted patents.

On August 27, 2020, the Court granted Neodron's motion to stay this case pending *inter partes* review ("IPR"). Dkt. No. 106. The Court ordered the parties to file quarterly joint status reports updating the Court on IPR proceedings and relevant litigation. *Id*.

The parties filed a joint status report on October 1, 2020. Dkt. No. 108. According to the

1   report, patents '286 and '502 were denied IPR against Lenovo and Motorola. *Id* at 1. Defendants
2   did not petition for IPR of patents '237 and '770. *Id*. However, patents '547, '574, and '960 are
3   pending IPR. *Id*.

4   The report also indicated that the patents pending IPR were at various stages of IPR
5   proceedings. Defendants' petition for IPR of patent '547 was granted and joined with a pending
6   IPR of the same patent filed by Samsung Electronics, Ltd. *Id*. Defendants have until November 13,
7   2020 to answer Neodron's Patent Owner's Response. *Id*. Defendants' petition for IPR of claims
8   relating to patent '574 was also granted. *Id*. at 2. Neodron is scheduled to file its Patent Owner's
9   Response by December 7, 2020. *Id*. Finally, Neodron has until November 12, 2020 to file its Patent
10  Owner's Response for IPR proceedings regarding patent '960. *Id*. The report stated that Neodron
11  "elects to assert" the patents that were not pending IPR—'286, '502, '237, and '770—in its current
12  case with the Court. *Id*. at 1.

13  On October 9, 2020, Neodron filed the instant motion to lift stay. Dkt. No. 109. Lenovo
14  and Motorola fled an opposition on October 23, 2020. Dkt. No. 110. Neodron filed a reply on
15  October 30, 2020, stating that it will not "elect to assert patents '502 [or patents '547, '960 or '574],
16  but only patents '286, '237, and '770." Dkt. No. 111. As of the date of these filings, Neodron has
17  not moved to dismiss, either with or without prejudice, its claims involving patents '502, '547, '574,
18  or '960.

**LEGAL STANDARD**

21  "Courts have inherent power to manage their dockets and stay proceedings, including the
22  authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849
23  F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay
24  pending PTO review, courts consider three main factors: (1) whether discovery is complete and
25  whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of
26  the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to
27  the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal.
28  2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3

(N.D. Cal. Aug. 16, 2013).

## DISCUSSION

Neodron argues that developments with the IPR proceedings warrant lifting the Court's stay. Neodron asserts that the stay is not justified by the stage of litigation and would result in undue prejudice to Neodron because of the possibility of stale evidence, faded memories, and lost documents. Dkt. No. 109. Neodron also contends that the stay no longer results in simplification of the case because Neodron will "elect to proceed" with the patents not pending IPR (i.e., '547, '574, and '960).

Lenovo and Motorola argue that there has been no material change since the Court's order to stay. Defendants argue that Neodron has not explained how a stay would result in stale evidence, faded memories, and lost documents. Defendants also assert that there has been no change in the stage of litigation. Regarding Neodron's choice to elect to proceed with patents '286, '237, and '770, defendants argue that there would be no simplification in the case because Neodron has not moved to dismiss, with prejudice, its claims involving the patents that are pending IPR.

Neodron argues that dismissal with prejudice of the patents pending review is not needed given its election to proceed with patents '286, '237, and '770.

The Court agrees with defendants' arguments and finds that the stay should not be lifted at this time. No discovery or trial dates have been set have been set since the Court's order to stay the case in August 2020. Moreover, plaintiffs failed to make a showing of how the stay would result in stale evidence, faded memories, and lost documents. *See Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) (finding no real prejudice because plaintiff failed to point to any *specific* prejudice from a delay that is more than speculative.").

Finally, the Court does not agree that Neodron "elect[ing] to proceed" with patents '286, '237, and '770 simplifies the issues in question and trial of the case. Allowing Neodron to proceed with patents '286, '237, and '770 without the dismissal, with prejudice, of the claims involving the patents pending IPR would allow Neodron to later assert those claims at a later stage of litigation or

in a new proceeding. Neodron noted this possibility in its own reply to defendants' opposition. Dkt. No. 111 ("If one of more patents survive IPR, and if Neodron decides to assert those patents, Defendants can hardly complain that it is unfair for them to litigate those patents on the merits … "). Therefore, there would be no simplification if Neodron were to elect to proceed with patents '286, '237, and '770 because granting Neodron's motion would potentially delay litigation or introduce new issues in question at a later stage of litigation. *See Murata Machinery LTD. V. Daifuku Co., LTD.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (holding that "[t]he burden litigation places on the court and the parties when IPR proceedings loom" may be considered by the court when determining whether to stay a case.).

## CONCLUSION

Accordingly, for the foregoing reasons, the court DENIES plaintiff's motion to lift the stay. Dkt. No. 109.

**IT IS SO ORDERED**.

Dated: November 10, 2020

_____
SUSAN ILLSTON
United States District Judge